UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHEN KNIGHT LEWIS,

                Plaintiff,

  v.

STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS, *et al.*,

                Defendants.

No. 08-5523FDB/JRC

ORDER ON PENDING MOTIONS

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. The Honorable Magistrate Judge Arnold has taken recall status and this action has been reassigned.

This action involves plaintiffs claim that he has improperly been classified as a level II sex offender. Plaintiff originally filed a complaint that named the State of Washington, the Department of Corrections, and counselor John Doe Clark of Larch Corrections Facility. (Dkt. #

ORDER - 1

4). The Court filed the complaint on September 11, 2008 (Dkt. # 4). Plaintiff did not provide copies of the complaint or filled out service forms. He was ordered to provide those documents prior to the Court ordering the United States Marshal's attempt service by mail (Dkt # 5).

It appears plaintiff then altered his original complaint by filing amended complaints for service. Plaintiff did not inform the court he was amending his original complaint and did not file a copy of the amended complaint with the Court as a separate filing. According to the State of Washington Department of Corrections, the named defendants in the amended complaint are the State of Washington Department of Corrections, a John Doe counselor, and the Pierce County Sheriff's Office (Dkt. # 16). The appearance of the Pierce County Sheriff's Office in this action supports defendant's contentions (Dkt. # 8 and 13).

No motion or pleading was placed before the Court for consideration until the Washington State Department of Corrections filed a motion to dismiss (Dkt # 19). Pierce County has joined in that motion (Dkt. # 20). Plaintiff has filed what the Court would consider to be a motion to amend the complaint in the form of a proposed order granting leave to amend and a motion for appointment of counsel (Dkt. # 26 and 27).

The Court will first address whether plaintiff may amend his complaint prior to deciding the defendant's motion to dismiss. The court will then address the motion for appointment of counsel.

Motion to Amend Complaint. The original complaint in this action was never served on any defendant, despite the instruction by the court. Apparently, plaintiff instead delivered an unfiled amended complaint to the Marshall's office, which was then delivered by the Marshall's office to the various defendants, including a new "defendant" – the Pierce County Sheriff's

ORDER - 2

Department. The defendant's motion to dismiss is in response to an amended complaint that is not yet properly before the Court.

No defendant has yet answered either the original complaint or the proposed amended complaint. Leave to amend a complaint is not needed prior to an answer being filed. Fed. R. Civ. P. 15 (a). Therefore, the Court will **GRANT** plaintiff's motion to amend the complaint (Dkt # 26). The operative complaint in this action is now the proposed amended complaint attached to plaintiff's motion (Dkt. # 26, attached proposed complaint).

As it is unclear to the Court whether this is the same amended complaint served on defendants, it is further **ORDERED** that defendants advise the Court by April 17, 2009 whether they wish to refile their motion to dismiss or whether they wish the Court to consider their motion to dismiss as applied to the amended complaint. The court will then order new dates for responses and replies.

Motion to Appoint Counsel. The remaining motion is plaintiff's motion for appointment of counsel. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(e) (1), can request counsel to represent a party, the court may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Wilborn, 789 F.2d at 1331.

Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*. See amended, Complaint (Dkt # 26). The likelihood of success on the merits does not favor

ORDER - 3

appointment of counsel at this point in time.  Accordingly, Plaintiff's Motion to Appoint Counsel (Dkt. # 27) is **DENIED**.

The clerk of court is directed to send copies of this order to Plaintiff. The clerk's office should remove Dkt. # 19, 20, 26, and 27, from the Court's calendar.  Further, the clerk's office is directed to note May 1, 2009, due date for service documents.

DATED this 3rd day of April, 2009.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge

ORDER - 4