UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN KNIGHT LEWIS,

        Plaintiff,

v.

COUNSELOR SIDNEY CLARK, *et al.*,

        Defendants.

CASE NO. C08-5523FDB/JRC

REPORT AND RECOMMENDATION

Noted for May 15, 2009

    This 42 §1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judge's Rules MJR 1, MJR 3, and MJR 4.

    This matter comes before the Court upon defendants' motions to dismiss (Dkt. # 19 and 20). The defendants bringing this motion are the State of Washington Department of Corrections, and the Pierce County Sheriff's Office.

REPORT AND
RECOMMENDATION - 1

This Report and Recommendation comes to the Court with a slightly different procedural history. Plaintiff filed a complaint naming the State of Washington and a John Doe counselor (Dkt # 4). Plaintiff had not provided service documents and he was ordered to provide copies of the complaint for service. Without notifying the court that he was amending the complaint, Plaintiff provided an amended complaint that named the Pierce County Sheriff's Office as an additional defendant. Pierce County appeared October 15, 2008 (Dkt # 8).

The amended complaint was served and the State moved to dismiss the action raising the Eleventh Amendment, a statute of limitations argument, failure to state a claim, and whether plaintiff had standing to seek injunctive relief (Dkt. # 19). Pierce County joined in that motion, (Dkt. # 20).

In response to the motion to dismiss plaintiff sought leave to file another amended complaint. This complaint names as defendants Eldon Vail, Secretary of the Department of Corrections, the End of Sentence Review Committee, counselor Sidney Clark of the Larch Corrections Center, and Paul Pastor, the Pierce County Sheriff (Dkt. # 34). Neither State entities, nor Pierce County are specifically named in the amended complaint (Dkt. # 34).

The Court granted leave to file the amended complaint. In that order the Court asked the state and county if they wanted the Court to apply the motion to dismiss to the amended complaint (Dkt. # 33). The state and county have replied asking that their motion go forward. (Dkt. # 35, and 36).

## **STANDARD**

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court may grant dismissal for failure to state a claim "if it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983) (*quoting* Conley v. Gibson, 355 U.S. 41, 45-46, (1957)). Dismissal

under Fed R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). A Plaintiff need not set out in detail the facts upon which he bases his claim. However, a Plaintiff must "set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery." Benson v. Cady, 761 F.2d 335, 338 (7th Cir. 1985). Although complaints are to be liberally construed in Plaintiff's favor, conclusory allegations of law, unsupported conclusions, and unwarranted inferences need not be accepted as true. Id. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (*quoting* Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982)).

## DISCUSSION

*A.    The Eleventh Amendment.*

Neither the state, nor state agencies, are persons for the purpose of the Civil Rights Act. Will v. Michigan Department of State Police, 491 U.S. 58 (1989). In reaching this holding, the Supreme Court relied on the Eleventh Amendment extensively.

Municipalities, such as cities or counties, are persons for the purpose of the Civil Rights Act. Monell v. Department of Social Health Services of the City of New York, 436 U.S. 658 (1978). A municipality is a proper defendant when a custom, pattern or policy of the municipality violates the plaintiff's civil rights. See Monell, 436 U.S. at, 690-91 (1978).

The State of Washington Department of Corrections is immune for suit here as it is not a person. This party should be DISMISSED. The county, however, may not rely on the Eleventh Amendment as a ground for dismissal.

REPORT AND
RECOMMENDATION - 3

*B.     Statute of limitations.*

42 U.S.C. § 1983, the Civil Rights Act, contains no statute of limitations. The statute of limitations from the state cause of action most like a civil rights action is used. Usually this is a states personal injury statute. In Washington a plaintiff has three years to file an action. Rose v. Rinaldi, 654 F.2d 546 (9th Cir 1981). The federal court also uses any applicable state tolling provisions. Bianchi v. Bellingham Police Department, 909 F.2d 1316 (9th Cir. 1990). Federal law is used, however, to determine when an action accrues. Bagley v. CMC Real Estate Corp., 923 F.2d 758, 762 (9th Cir. 1991); cert. denied 502 U.S. 1091 (1992).

This action was filed August 26, 2008 (Dkt. # 1). Plaintiff alleges that in 2005, the End of Sentence Review Committee and the Pierce County Sheriff relied on a risk assessment done supplied by Counselor Sidney Clark. Plaintiff does not say when in 2005, the risk assessment took place, nor when in 2005, the other entities relied on the assessment (Dkt # 34). Plaintiff's risk level classification was raised from level 1 to level 2. Plaintiff alleges a due process violation in having his classification changed. He also alleges that Counselor Sidney Clark submitted "erroneous information" (Dkt. # 34). Plaintiff does not elaborate on what this allegedly "erroneous information" is.

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court may grant dismissal for failure to state a claim "if it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983) (*quoting* Conley v. Gibson, 355 U.S. 41, 45-46, (1957)). The court cannot determine from the pleadings if the risk assessment was done before or after August 26, 2005. Further, plaintiff's action may not have accrued until he was aware of the allegedly erroneous information that was given to the persons who raised his risk level assessment. Thus,

REPORT AND
RECOMMENDATION - 4

the court cannot determine if this action is time barred and the motion to dismiss on this ground should be DENIED at this stage of the proceedings.

*C.     Failure to State a Claim.*

There are two alleged causes of action in the amended complaint (Dkt. # 34). The first is that the plaintiff has a liberty interest in his classification level, and is therefore entitled to due process prior to a change in his classification level. The second is that "erroneous information" was sent to the entities that made the decision to raise the classification level.

As defendants note in their motion to dismiss, both the Ninth Circuit and the Washington State Supreme Court have held there is no liberty interest at stake in the classification and notification process. Russell v. Gregoire, 124 F.3d 1079, 1093-94 (9th Cir. 1997). The Ninth Circuit held that risk level classification and community notification do not deprive the offender of a protected interest. Therefore plaintiff has no constitutional right to due process prior to risk level classification being changed and community notification being made. Russell, at 1094. The Washington Supreme Court has also held there is no right to due process regarding risk assessment and community notification. In Re Meyer, 142 Wn.2d 608, 623-24 (Wash. 2001). The motion to dismiss this claim should be GRANTED.

The second claim is that Counselor Sidney Clark provided "erroneous information" to the End of Sentence Review Committee, and Pierce County. This is a substantive due process claim. This issue is not addressed in the briefing. The motion to dismiss on this claim should be DENIED.

Pierce County, however, would be entitled to dismissal as there is no allegation in the amended complaint that county custom, pattern or policy played any role in the decision what information Counselor Clark included in his risk assessment. See Monell v. Department of Social Health Services of the City of New York, 436 U.S. 658, 690-91 (1978). While the Court

REPORT AND
RECOMMENDATION - 5

liberally construes the complaint the Court cannot supply essential elements to a complaint that are missing. Pena v. Gardner, 976 F.2d 469 (9th Cir. 1992).

  E. *INJUNCTIVE RELIEF*.

Plaintiff seeks to have the court relieve him from the state imposed requirement to register as a sex offender. The most basic requirement for injunctive relief is that there must be an irreparable injury for which there is no adequate remedy at law. Rondeau v Mosinee Paper Corp., 422 U.S. 49 (1975). Defendants argue plaintiff has an adequate remedy because pursuant to RCW 9A.44.140, he can petition the State Superior Court to be relieved of the burden of registering as a sex offender (Dkt # 19). Plaintiff has not responded to the motion to dismiss and does not contest that RCW 9A.44.140 provides a mechanism for relief from registration.

In addition to having a legal remedy available, Plaintiff fails to show he has standing to seek an injunction because, as noted above, he has no protected liberty interest in the classification or notification procedure. Without injury, plaintiff lacks standing for injunctive relief. Nelsen v King County, 895 F.2d. 1248 (9th Cir. 1990). Claims for injunctive relief should be DISMISSED.

## CONCLUSION

Based on the foregoing, Defendants' motion to dismiss should be GRANTED. The Court has ordered the amended complaint served on the remaining defendants, Eldon Vail, Secretary of the Department of Corrections, the End of Sentence Review Committee, counselor Sidney Clark of the Larch Corrections Center, and Paul Pastor, the Pierce County Sheriff. The only issue that should remain is whether Sidney Clark provided erroneous information to the End of Sentence Review Committee and County.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for

REPORT AND
RECOMMENDATION - 6

purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on May 15, 2009, as noted in the caption.

Dated this 17th day of April, 2009.

J. Richard Creatura
United States Magistrate Judge