UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHEN KNIGHT LEWIS

            Plaintiff,

      v.

STATE OF WASHINGTON, *et al*.,

           Defendants.

Case No.  C08-5523FDB/JRC

REPORT AND RECOMMENDATION
TO GRANT SUMMARY JUDGMENT
TO THE REMAINING DEFENDANT

**NOTED FOR**:
April 30, 2010

      This Civil Rights Action filed pursuant to 42 U.S.C. § 1983 has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636 (b) (1) (A) and 636 (b) (1) (B) and Local Magistrate Judge' Rules MJR 1, MJR 3, and MJR 4.

      Plaintiff's claims against other defendants were previously dismissed for failure to state a claim. (Dkt. #44).  The only remaining claim is against defendant Sidney Clark, a prison counselor, for allegedly submitting "erroneous information" to the End of Sentence Review Committee.  This information included information about an alleged rape that occurred while plaintiff was in the military.  The End of Sentence Review Committee changed plaintiff's designation from level I to level II (Dkt. # 34 amended complaint page 3).  In the previous

REPORT AND RECOMMENDATION- 1

Report and Recommendation, the court noted that this was a substantive due process claim and that the issue of substantive due process had not been briefed (Dkt. # 38, page 5). As previously noted, procedural due process has not been violated in this case because the sex offender classification and notification does not involve a liberty interest. See Russell v. Gregoire, 124 F.3d 1079 (9th Cir. 1997) (no liberty interest in classification or notification).

Plaintiff is asking for four and one half million dollars ($4,500,000) in damages and an injunction relieving him of the duty to register as a sex offender (Dkt. # 34, page 6). Defendant Clark moves for summary judgment and is asserting that the information regarding the alleged rape did not come from him. Defendant also asserts that plaintiff has not sought relief from the duty to register in state court (Dkt. # 56).

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). See also Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting

REPORT AND RECOMMENDATION- 2

the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, which in most civil cases is proof by a preponderance of the evidence. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested to by the party contradict facts specifically attested to by the moving party. Id. Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

The plaintiff did not respond to the motion for summary judgment on the merits and instead filed an untimely motion for an extension of time that has been denied. The uncontested facts are that the information regarding the alleged rape that occurred while plaintiff was in the military was provided to the End of Records Review Committee by Jennifer Williams, a Correctional Records Supervisor who works for the Committee. Jennifer Williams is not a defendant in this action. The information was obtained directly from the United States Military – and not from Defendant Clark.

Ms. Williams states that the information was available to the Committee members, but, because Mr. Lewis was not arrested or charged with rape as a result of this alleged incident, the Committee did not score this incident (Dkt. # 56, Exhibit 2, affidavit of Jennifer Williams). The court is not sure if this means the information was not considered, or that the alleged rape did not count as a conviction for scoring purposes. In either event, Defendant Clark has demonstrated

that he played no part in obtaining this information or providing it to the End of Sentence

Review Committee.  This evidence is uncontradicted.

1.    *Personal participation.*

To survive summary judgment plaintiff needed to come forward with admissible

evidence to show that Defendant Clark personally caused the harm alleged in the complaint.

Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981).  The inquiry into causation must be

individualized and focus on the duties and responsibilities of each individual defendant whose

acts and omissions are alleged to have caused a constitutional violation.  Leer v. Murphy, 844

F.2d 628, 633 (9th Cir. 1988).  A defendant cannot be held liable under 42 U.S.C. § 1983 solely

on the basis of supervisory responsibility or position.  Monell v. New York City Dept. of Social

Services, 436 U.S. 658, 694 n.58 (1978).  A theory of respondeat superior is not sufficient to

state a § 1983 claim.  Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).  Plaintiff has not come

forward with evidence to show how defendant Clark is responsible for the information reaching

the End of Sentence Review Committee.  Defendant Clark has shown that it was another person

who obtained the information.  In the absence of any contradictory evidence, Defendant Clark is

entitled to dismissal of the claim for damages.

2.    *Injunctive relief.*

Plaintiff also requests an injunction relieving him of the duty to register as a sex offender.

The defendant states without further argument that plaintiff has not "petitioned the sentencing

court to be relieved of such duty" (Dkt. # 56, page 2).  The inference is that there is a state

procedure in place that would allow plaintiff to obtain the injunctive relief and that he is not

seeking such relief from the sentencing court.  It is plaintiff's duty to show he is entitled to

injunctive relief.

REPORT AND RECOMMENDATION- 4

A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative." <u>Cassim v. Bowen</u>, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id. (citations omitted).

Plaintiff fulfills neither test because he does not show irreparable injury as a result of the requirement to register. In <u>Russell v. Gregoire</u>, 124 F.3d 1079 (9th Cir. 1997), the Ninth Circuit held that mandating sex offenders register with local law enforcement was not punishment. The Ninth Circuit Court refused to issue an injunction. Plaintiff does not contest that he has been convicted of as a sex offender and is subject to registration. The defendant is entitled to summary judgment on this issue.

<u>CONCLUSION</u>

Defendant Clark is entitled to summary judgment. He did not personally participate in obtaining the information in question and the plaintiff has not shown an injunction is appropriate. Pursuant to 28 U.S.C. § 636 (b) (1) and Rule 72 (b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. <u>See also</u> Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit

REPORT AND RECOMMENDATION- 5

imposed by Rule 72(b), the clerk is directed to set the matter for consideration on April 30, 2010, as noted in the caption.

Dated this 25th day of March, 2010.

J. Richard Creatura
United States Magistrate Judge